

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Maikel Reazkallah | ) | Docket No. 2017-06-1519 |
| | ) | |
| v. | ) | State File No. 50395-2017 |
| | ) | |
| ABM Industries, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

---

## Affirmed and Certified as Final – Filed February 14, 2019

---

The employee reported suffering an injury to his right shoulder after lifting a bag of garbage overhead to throw it into a dumpster. The employer provided certain medical and temporary disability benefits, but declined to pay any permanent disability benefits based on the authorized physician's opinion that the employee did not retain any degree of permanent medical impairment caused by the work accident. Following a trial, the court ordered the employer to provide reasonable and necessary medical care as directed by the authorized treating physician, but denied the employee's request for any other benefits or relief, and the employee appealed. On appeal, the employee asserts the trial court erred in its ruling, improperly declined to allow him to change physicians, and failed to address issues related to his TSA security clearance. We affirm the trial court's order and certify it as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Maikel Reazkallah, LaVergne, Tennessee, employee-appellant, pro se

David Deming, Nashville, Tennessee, for the employer-appellee, ABM Industries, Inc.

1

**Memorandum Opinion**[1]

The employee, Maikel Reazkallah ("Employee"), a resident of Davidson County, Tennessee, worked for ABM Industries, Inc. ("Employer"), as an airplane cabin cleaner. After he was hired in May 2017, Employee advised Employer he had medical restrictions from a previous injury that limited the use of his right shoulder, limited overhead activities, and prevented him from lifting more than ten pounds. On July 6, 2017, Employee reported that he suffered an injury to his right shoulder after he was instructed to throw a bag of garbage into a dumpster, which he asserts exceeded his restrictions.

Employee was evaluated at an emergency room and was then seen by Nan Vincelli, a physician's assistant, at U.S. Healthworks, who signed his medical reports. Dr. Harold Nevels is identified as the "supervising provider" and also signed the medical reports. Employee was diagnosed with a right shoulder strain and was treated with medications and physical therapy. An MRI revealed mild tendinopathy in the right shoulder. On August 21, 2017, Employee was released to return to work without restrictions and was discharged from care. On a Final Medical Report (Form C-30A) dated June 6, 2018, Dr. Nevels indicated he did not anticipate any need for future medical treatment related to the July 6, 2017 injury. On August 6, 2018, Dr. Nevels signed a Standard Form Medical Report (Form C-32) indicating Employee had reached maximum medical improvement as of August 21, 2017, and retained no permanent medical impairment.

Following a trial, during which Employee sought additional temporary disability benefits, medical benefits, permanent disability benefits, and other non-monetary relief, the trial court entered an order affirming Employee's entitlement to reasonable and necessary medical treatment causally related to the July 6, 2017 accident, but denied all other requests for relief. Employee has appealed.

In his notice of appeal, Employee attempted to describe the disputed issues.[2] First, he alleged that the trial judge "has a problem with me in a previous case and [sic] requested it change." Second, he asserted Employer's actions resulted in additional limits on his ability to find work at the airport, apparently due to TSA security clearance issues. Third, he stated that he did not choose the treating physician and that Employer refused to allow him to change physicians.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] Employee noted in the record and on his notice of appeal that he does not write English well.

Upon careful review of the record, we conclude Employee has not presented any reviewable issue on appeal. First, Employee's notice of appeal questions whether the trial judge was in some way biased against him, but there is no evidence in the record that he ever requested the trial judge to recuse himself. It would be inappropriate for us to address such an issue in the first instance or search the record to determine if there is any basis for the brief reference to alleged bias in Employee's notice of appeal. *See Fritts v. Anderson Cnty. Election Comm'n*, Nos. E2003-00015-COA-R3-CV & E2002-03118-COA-R3-CV, 2003 Tenn. App. LEXIS 564, at *8 (Tenn. Ct. App. Aug. 11, 2003) (concluding "[i]t is inappropriate for [an appellate court] to assume the role of original fact finder"); *Nelson v. Justice*, No. E2017-00895-COA-R3-CV, 2019 Tenn. App. LEXIS 35, at *44 (Tenn. Ct. App. Jan. 25, 2019) (declining to search the record in an effort to "research and construct a party's argument").

Second, Employee has not filed a transcript of the hearing or a brief on appeal, and he has offered no substantive argument explaining how he believes the trial court erred in denying his claim for disability benefits or other requests for relief. He did not explain how his allegations concerning his security clearance in any way relate to his claim for workers' compensation benefits. He also did not explain any basis for his request to change physicians. In short, Employee has not made any argument in support of his appeal, and we decline to do so for him. *See Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her.").

We note that Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Yet, as explained by the Tennessee Court of Appeals:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). In the present case, we cannot and will not craft an argument in support of Employee's appeal.

For the foregoing reasons, the trial court's order is affirmed and certified as final.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Maikel Reazkallah | ) | Docket No. 2017-06-1519 |
| | ) | |
| v. | ) | State File No. 50395-2017 |
| | ) | |
| ABM Industries, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of February, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Maikel Reazkallah | | X | | | X | Maikel.reazkallah@yahoo.com 456 Cedar Park Circle La Vergne, TN 37086 |
| David Deming | | | | | X | ddeming@manierherod.com tjoiner@manierherod.com |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov